**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERESA JO JACOBSEN,<br><br>    Plaintiff,<br><br>v.<br><br>ASSOCIATED BANK, N.A.,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., and TRANS<br>UNION LLC,<br><br>    Defendants. | Case No.  1:18-cv-06260 |

**COMPLAINT**

NOW COMES Plaintiff, TERESA JO JACOBSEN, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendants, ASSOCIATED BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC (collectively the "Defendants"), as follows:

**NATURE OF THE ACTION**

1. This action seeks actual, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. TERESA JO JACOBSEN (the "Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. ASSOCIATED BANK, N.A. ("Associated Bank") is a nationally chartered intra-state bank with a principal place of business in Green Bay, Wisconsin.

8. Associated Bank is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. EXPERIAN INFORMATION SOLUTIONS, INC. ('Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

10. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

12. TRANS UNION LLC ("Trans Union") is a limited liability company with its principal place of business in Chicago, Illinois.

13. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

15. On April 28, 2006, Plaintiff executed a mortgage (the "Mortgage") in favor of Associated Bank.

16. The Mortgage secured the purchase of Lot 16 and 17 Lawrence Lake, Westfield, Wisconsin 43964 (the "Property").

17. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $107,290.00 (the "Loan").

18. On May 15, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

19. Simultaneously with the voluntary petition for relief, Plaintiff filed her Chapter 13 plan.

20. Plaintiff's Chapter 13 Plan was confirmed on September 25, 2015 (the "Confirmed Plan").

21. The Confirmed Plan provides:

**Section C.** *Direct payment of claims by debtor.* The debtor will make current monthly payments, as listed in the debtor's Schedule J – increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters – directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: Associated Bank, monthly payment, $850.00.

22. Throughout the pendency of her chapter 13 bankruptcy case, Plaintiff has made all postpetition payments to Associated Bank.

**Associated Bank's furnishing of information to the credit reporting agencies**

23. On or before December 18, 2017, Plaintiff obtained credit reports from Experian and Trans Union.

24. Plaintiff discovered that Associated Bank failed to report Plaintiff's monthly payments; instead, reported Plaintiff's account as included in bankruptcy.

3

25. On July 17, 2018, Plaintiff sent dispute letters to Experian and Trans Union by First-Class Mail®.

26. Plaintiff's dispute letters to Experian and Trans Union articulated that Plaintiff's account remained open, included proofs of payments, as well as the Confirmed Plan.

27. Plaintiff requested that Experian and Trans Union investigate and correct Associated Bank's inaccurate reporting.

28. On information and belief, Experian and Trans Union received Plaintiff's dispute letters.

29. On information and belief, Experian and Trans Union notified Associated Bank of Plaintiff's dispute within 5 days of receiving the same.

30. On August 9, 2018, Experian mailed Plaintiff its Dispute Results.

31. Experian's Dispute Results revealed that Associated Bank continued to suppress Plaintiff's monthly payment history.

32. Experian's Dispute Results revealed that Associated Bank continued to report Plaintiff's account as included in bankruptcy.

33. On August 9, 2018, Trans Union mailed Plaintiff its Investigation Results.

34. Trans Union's Investigation Results revealed that Associated Bank continued to suppress Plaintiff's monthly payment history.

35. Trans Union's Investigation Results revealed that Associated Bank continued to report Plaintiff's account as included in bankruptcy.

36. To date, Associated Bank continues to transmit inaccurate information regarding Plaintiff's account Experian and Trans Union.

37. Accordingly, Plaintiff continues to be harmed by Associated Bank's inaccurate reporting of Plaintiff's account.

38. This entire experience has imposed distrust, distress, embarrassment and frustration on Plaintiff.

39. This entire experience has resulted in expenditure of considerable time, anxiety, and mental anguish.

40. Undeniably, Plaintiff feels helpless to regain control of her credit standing and creditworthiness.

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Associated Bank's violation(s) of 15 U.S.C. § 1681 *et seq.*

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.  Associated Bank's failure to conduct an investigation**

43. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)    Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

5

      (D)      If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

      (E)      If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

            (i)      Modify that item of information;

            (ii)     Delete that item of information; or

            (iii)    Permanently block the reporting of that item of information.

44. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Associated Bank received Plaintiff's dispute letters from Experian and Trans Union.

45. Associated Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

46. Associated Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian and Trans Union.

47. Had Associated Bank conducted a reasonable investigation, it would have discovered that Plaintiff's account was not included in bankruptcy.

48. Associated Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Experian and Trans Union.

49. Associated Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify; delete; or permanently block the reporting of that item of information.

50. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

51. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

52. Associated Bank's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Associated Bank in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Associated Bank's violation;

C.  award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.  award any punitive damages, as the Court may allow;

E.  award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.  award such other relief as this Court deems just and proper.

## Count II
## Experian's violation(s) of 15 U.S.C. § 1681 *et seq.*

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.  Experian's failure to follow reasonable procedures**

54. The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55. On multiple and numerous occasions, Experian prepared patently inaccurate consumer reports concerning Plaintiff.

56. Upon information and belief, Experian furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

57. Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.  Experian's failure to conduct a reasonable investigation**

58. The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

59. The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

60. Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Experian received Plaintiff's dispute letter.

61. Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to Associated Bank before the expiration of the 5-business-day period beginning on the date on which Experian received Plaintiff's dispute letter.

62. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Experian received Plaintiff's dispute letter.

63. Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

64. Experian violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

65. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

66. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

67. Experian's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Experian in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B. award any actual damages to Plaintiff as a result of Experian's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count IV
### Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.*

68. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

A. **Trans Union's failure to follow reasonable procedures**

69. The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

70. On multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Plaintiff.

71. Upon information and belief, Trans Union furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

72. Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B. Trans Union's failure to conduct a reasonable investigation**

73. The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

74. The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that

the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

75. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute letter.

76. Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to Associated Bank before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiff's dispute letter.

77. Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute letter.

78. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

79. Trans Union violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

80. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

  (B) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

13

(2) such amount of punitive damages as the court may allow; and

(4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

81. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(3) any actual damages sustained by the consumer as a result of the failure; and

(4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

82. Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B. award any actual damages to Plaintiff as a result of Trans Union's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.	award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

September 13, 2018

Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Teresa Jo Jacobsen*