# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TERESA JO JACOBSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSOCIATED BANK, N.A. EXPERIAN ) <br> INFORMATION SOLUTIONS INC., and ) <br> TRANS UNION, LLC, ) <br> ) <br> Defendants. ) | No. 1:18-CV--6260 <br><br> Hon. Matthew F. Kennelly |

## **DEFENDANT ASSOCIATED BANK N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(6) MOTION**

Defendant Associated Bank N.A. (Defendant or Associated Bank), by its counsel, Meredith Pike of Chuhak & Tecson, P.C., for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Teresa Jo Jacobsen's (Plaintiff or Jacobsen) Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

## INTRODUCTION

Plaintiff's Complaint lacks the foundational element for a claim against Associated Bank under the Fair Credit and Reporting Act (FCRA): an actionable inaccuracy on her credit report. Plaintiff faults Associated Bank for inaccurately reporting her account as included in bankruptcy, even though both the public record and bankruptcy law confirm that is indeed the case. Plaintiff also accuses Associated Bank of failing to report her monthly Chapter 13 plan payments, even though the majority of district courts to consider this issue have found that it is accurate to report the delinquent status of the loan per its original terms in the interim between Chapter 13 plan confirmation and discharge. Plaintiff's failure to present any inaccurate information warrants dismissal of her claim against Associated Bank.

## BACKGROUND

### A. Factual Background

On April 28, 2006, Plaintiff executed a mortgage in favor of Associated Bank. (Compl. at ¶15). The mortgage secured indebtedness evidenced by a promissory note in the amount of $107,290.00 for the purchase of Lot 16 and 17 Lawrence Lake, Westfield, Wisconsin 43964 (the Property). (Compl. at ¶¶16-17).

On May 15, 2015, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy: *In re Jacobsen*, 15-17336 (Bankr. N.D. Ill. May 15, 2015). (Compl. at ¶18). Plaintiff filed an original Chapter 13 plan on May 15, 2015. (See *In re Jacobsen,* Doc. 2, attached hereto as **Exhibit A**.). A modified Chapter 13 plan was filed on September 22, 2015. (See *In re Jacobsen*, Doc. 25, attached hereto as **Exhibit B**.). The modified Chapter 13 Plan was confirmed on September 25, 2015. (See *In re Jacobsen*, Doc. 28, attached hereto as **Exhibit C**). The confirmed plan called for Plaintiff to pay Associated Bank directly:

> **Section C. Direct payment of claims by debtor.** The debtor will make current monthly payments, as listed in the debtor's Schedule J – increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters – directly to the following creditors holding claims secured by a mortgage on the debtor's real property:
>
> Creditor: **Associated Bank**, monthly payment, **$850.00**
>
> Creditor: **Bank of America N.A.,** monthly payment**, $1,320.00**

Plaintiff's Chapter 13 bankruptcy is still pending and no discharge order has been entered. (See Docket for *In re Jacobsen*, attached hereto as **Exhibit D**; See also Plaintiff's Complaint in which she does not allege that she has completed the plan or that any of her debts have been discharged). (Compl.) Plaintiff alleges that she has made all payments to Associated Bank throughout the pendency of her Chapter 13 bankruptcy. (Compl., ¶22).

On December 18, 2017, Plaintiff obtained credit reports from Experian Information Solutions, Inc. (Experian) and Trans Union, LLC (Trans Union). (Compl., ¶23). Plaintiff claims that she "discovered that Associated Bank failed to report Plaintiff's monthly payments; instead, reported Plaintiff's account as included in bankruptcy." (Compl., ¶24). On July 17, 2018, Plaintiff sent dispute letters that included proofs of payments and a copy of the confirmed plan to Experian and Trans Union. (Compl., ¶¶25-26). On August 9, 2018, Experian and Trans Union each sent Plaintiff dispute results that revealed that Associated Bank "continued to suppress Plaintiff's monthly payments" and "report Plaintiff's account as included in the bankruptcy." (Compl., ¶¶30-36).

**B. The Fair Credit Reporting Act and Chapter 13 Bankruptcy.**

"Chapter 13 provides, for individuals, a counterpart to Chapter 11 of the Bankruptcy Code, which authorizes the reorganization of bankrupt enterprises in lieu of liquidation." *In re Schaitz,* 913 F.2d 452, 453 (7th Cir. 1990). "Instead of the trustee's seizing and selling the bankrupt's nonexempt assets, as in a Chapter 7 proceeding, under Chapter 13 (as under Chapter 11) the bankrupt proposes a plan for the repayment of his debts out of future income." *Id.* "Accordingly, the Chapter 13 estate from which creditors may be paid includes both the debtor's property at the time of the bankruptcy petition and any wages and property acquired after filing." *Harris v. Viegelahn*, 135 S.Ct. 1829, 1835 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Bullard v. Blue Hills Bank*, 135 S.Ct 1686, 1691 (2015).

The purpose of the FCRA is to ensure fair and accurate credit reporting, protect consumer privacy, and promote efficiency in the banking system. *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). The FCRA imposes duties on both consumer reporting agencies (CRA) and "furnishers"

- 3 -
4836-6753-9844.1.21868.68362

that provide credit information to CRAs. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). The obligations of furnishers are set forth in 15 U.S.C. §1681 s-2b. *Id*. Under that section, a furnisher, upon receiving notice of a dispute, must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; and (4) if the information is found to be incomplete or inaccurate, report the results to the other CRAs to which the person furnished the information. *Id*., citing 15 U.S.C. §1681 s-2b. A prerequisite for bringing a claim under the FCRA is the existence of an actual inaccuracy in the credit report; if no inaccuracy exists, no claim exists. *Sarver v. Experian Information Services*, 390 F.3d 969, 972 (7th Cir. 2004); *Handrock v. Ocwen Loan Servicing, LLC,* 216 F.Supp.3d 869, 873 (N.D. Ill. 2016).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). As the Supreme Court has said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id*.; *West Bend Mutual Insurance Co. v. Schumacher*, 844 F.3d 6370, 675 (7th Cir. 2016) (a plaintiff "must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate.").

"On a motion to dismiss…a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Willamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Seventh Circuit has held that publicly

filed court documents are entitled to judicial notice and properly considered in the context of a motion to dismiss. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

## ARGUMENT

**A. Plaintiff's novel theory of liability, that a furnisher violates the FCRA by continuing to report an account as included in bankruptcy and the debt as delinquent per the original terms of the loan following plan confirmation but prior to discharge, has been rejected by the majority of district courts. Plaintiff's Complaint should be dismissed with prejudice.**

Plaintiff faults Associated Bank for reporting her "account as included in bankruptcy" and for "failing to report [her] monthly payments." (Comp., ¶24). Plaintiff's theory is that her confirmed Chapter 13 plan should control, even though no discharge order has been entered, her bankruptcy is pending, and her failure to perform at any point would result in her bankruptcy petition being dismissed or converted to a Chapter 7 with the debt being owed as if no Chapter 13 plan had been entered. *See* 11 U.S.C. §1307.

While the Seventh Circuit, or any other Circuit for that matter, has yet to address this issue, both the Northern District of Illinois and other districts have rejected Plaintiff's novel theory because it runs afoul of general bankruptcy principles. *McGee v. Rockford Mercantile Agency, Inc.*, 17 C 50214, 2018 WL 1920130, at *2 (N.D. Ill. April 24, 2018) (collecting cases that have found that "reporting a loan balance as 'in collection' with a past-due balance is not inaccurate or misleading where the debt has not been discharged in bankruptcy"); *Hupfauer v. Citibank N.A.*, 16 C 475, 2016 WL 4506798, at *4 (N.D. Ill. August 19, 2016); *Reckelhoff v. Experian Information Solutions, Inc.*, C 16-6378 SBA, 2016 WL 1208398, at *3 (N.D. Cal. March 31, 2017) (collecting cases that hold that it is not "inaccurate to report delinquent debts that have not been discharged"). These district courts have found that there is nothing misleading or inaccurate about reporting a loan balance and a delinquent status per the original loan terms following the confirmation of a

4836-6753-9844.1.21868.68362

Chapter 13 plan, but prior to discharge. *Id.* Most recently, the Northern District of Illinois articulated its rationale as follows:

> Because a debt subject to a Chapter 13 confirmation plan is only fully extinguished after it is discharged by a bankruptcy court, this court finds persuasive the reasoning of the judges of this and other districts who have concluded that at least prior to discharge, reporting a loan balance and delinquent status per the original terms – as opposed to the modified terms of the confirmed Chapter 13 plan – is neither inaccurate or misleading.

*McGee*, 2018 WL 1920130 at *2. The same result is warranted here and Plaintiff's Complaint against Associated Bank should be dismissed with prejudice.

In *Haupfauer,* the plaintiff argued that it was misleading to report a balance due following confirmation of her Chapter 13 plan when the plan called for surrender of her home to the bank in full satisfaction of her debt. *Haupfauer*, 2016 WL 4506798 at *4. Similar to Plaintiff, Haupfauer argued that Citi should not have reported a monthly payment and delinquent status for the loan during the period prior to discharge because the "confirmed Chapter 13 Plan became the operative instrument for [her] relationship with Citi and her monetary payment obligation to Citi pursuant to Plaintiff's Chapter 13 Plan was $0." *Id.* Noting that "Plaintiff's argument [did] not accord with general bankruptcy principles regarding when a debtor's personal liability on a debt is extinguished," the Northern District of Illinois held that "Experian's reporting of a balance and monthly payment prior to Plaintiff's December 2014 discharge was not inaccurate." *Id.*

*Reckelhoff*, C 16-6378 SBA, 2017 WL 1208398 at *1, also involved a FCRA claim regarding the reporting in the interim between confirmation of a Chapter 13 plan and discharge. Notably, identical to this case, Reckelhoff complained that "some accounts even failed to register that [she] was making payments on the account through [her] Chapter 13 plan." *Id.* Reckelhoff argued that her "confirmation order is a final judgment as to the amount of debt owed, and that once a chapter 13 plan is confirmed a creditor is bound by the terms of the plan and its claim must

- 6 -
4836-6753-9844.1.21868.68362

conform to the treatment that it is subject to under the chapter 13 plan." *Id.* at *3. Rejecting this argument the Norther District of California found: "the mere confirmation of a payment plan is insufficient to alter the legal status of a debt; this is so because if a debtor fails to comply with the Chapter 13 plan, the debtor's bankruptcy petition can be dismissed – in which case the debt will be owed as if no petition for bankruptcy was filed." *Id.* The district court then reasoned that "[a]lthough 1327(a) makes the confirmation plan binding on both the debtor and creditor and limits a creditor's ability to collect on a debt outside of the plan, the confirmation of a plan, standing alone, does not legally alter the debt or the fact that payments are in arrears." *Id.* at *4. Consequently, the Northern District of California dismissed the plaintiff's FCRA claim "because it was neither misleading nor inaccurate for Defendants to not report the terms of Plaintiff's confirmation plan in her credit report." *Id.*

For the same reasons, Plaintiff's Complaint fails. Plaintiff's contention that Associated Bank improperly continues to report her "account as included in bankruptcy" is at odds with bankruptcy law. Jacobsen has not completed her Chapter 13 plan and no discharge order has been entered. Her account with Associated Bank is part of her pending bankruptcy and Associated Bank's continued reporting of Jacobsen's bankruptcy is accurate. Likewise, Plaintiff's allegation that Associated Bank's failure to adjust the balance due is equivalent to Haupfauer's argument that Citi should have started reporting a $0 balance when she tendered her home in satisfaction of the debt at plan confirmation, but prior to discharge. It is the exact same argument raised and rejected in *Reckelhoff,* as well. Entry of the discharge order, rather than plan confirmation, is the operative event. *McGee*, 2018 WL 1920130 at *2. This makes sense, because "many debtors… fail to complete a Chapter 13 plan successfully." *Harris*, 135 S.Ct. at 1835. And, once the Chapter 13 is

- 7 -
4836-6753-9844.1.21868.68362

converted to a Chapter 7 or dismissed, the plan is no longer binding. *Id.* at 1839. Plaintiff's complaint against Associated Bank should be dismissed.

Finally, while no Circuit court has reached the issue, Associated Bank submits that an appellate court would find dismissal appropriate, here, based upon the fact that the majority of district courts have granted dismissal of similar claims and recent guidance from the Supreme Court in *Midland Funding, LLC v. Johnson*, 137 S.Ct. 1407 (2017). While Midland dealt with a different issue – whether filing a proof of claim in a Chapter 13 that was obviously time barred is misleading under the Fair Debt Collection Practices Act (FDCPA) – the guidance the Court provided applies equally here. *Id.* at 1415-1416. In affirming dismissal of the plaintiff's FDCPA claim, the Court discussed the importance of not using the FDCPA to resolve bankruptcy issues:

> [W]e do not find in either the Fair Debt Collection Practices Act or the Bankruptcy Court good reason to believe that Congress intended an ordinary civil court applying the Act to determine answers to these bankruptcy-related questions. The Act and the Code have different purposes and structural features. The Act seeks to help consumers…The Bankruptcy Code, by way of contrast creates and maintains what we have called the delicate balance of a debtor's protections and obligations.' To find the Fair Debt Collection Practices Act applicable here would upset that delicate balance.'

Id. at 1415, citing *Kokoska v. Belford,* 417 U.S. 62, 651 (1974). Forcing Associated Bank to report that Plaintiff's Chapter 13 does not still pend and to adjust her loan balance based upon a fabricated non-delinquent loan status, puts Plaintiff in a better position than debtors who file under different sections of the Bankruptcy Code. Furthermore, if plan confirmation triggers the removal of Associated Bank's unsecured claims from Jacobsen's credit report, then discharge of Associated Bank's claims would have no effect. Plaintiff's novel theory of liability seeks to upset the "delicate balance" provided by the Bankruptcy Code and should be rejected.
4836-6753-9844.1.21868.68362

### B. Plaintiff has not plausibly pled a willful violation of the FCRA.

While Associated Bank contends that Plaintiff's Complaint should be dismissed in its entirety, at a minimum, Plaintiff's willful violation allegations should be dismissed.

A defendant acts in willful violation of the FCRA when it acts in "reckless disregard of [its] statutory duty." *Safeco Insurance Co. v. Burr*, 551 U.S. 47, 57 (2007). Recklessness is measured by an objective standard. *Murray v. New Cingular Wireless Services, Inc*., 523 F.3d 719, 726 (7th Cir. 2008). Reckless requires "something more than negligence, but less than knowledge of the law's requirements." *Id.* "A company subject to a FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.,* citing *Safeco Insurance Co*., 551 U.S. at 69. A defendant's reading of the law that is found by a court to be mistaken, ultimately, but at the time of the underlying facts is either supported by existing law or unclear because no legal precedent exist, does not equate to reckless behavior. *Murray*, 523 F.3d at 726 (finding that defendant was not reckless in its reading of the term "conspicuous" when the FTC had not issued any guidance on this term).

Plaintiff's claim against Associated Bank hinges on its belief that its legal analysis is correct and that Associated Bank is acting willfully by its refusal to agree with Plaintiff's legal conclusions. But, as discussed above, reporting the Associated Bank account as included in bankruptcy and as delinquent per the original loan terms, has ample support in both the law and public record. *See supra* at 5-8. Even if this Court ultimately agrees with Plaintiff's interpretation, Plaintiff has not plausibly alleged that Associated Bank's violation was willful where that violation amounts to adopting the conclusion reached by other federal courts.

While it is clear that Plaintiff's claim against Associated Bank should be dismissed in its entirety, at the very least, Plaintiff has not pled that Associated Bank willfully violated the FCRA.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint against Associated Bank fails to state a claim as a matter of law. It should be dismissed with prejudice.

| | |
|---|---|
| Dated: January 9, 2019 | Respectfully submitted, |
| Meredith Pike<br>CHUHAK & TECSON, P.C.<br>30 s. Wacker Drive, Suite 2600<br>Chicago, Illinois 60606<br>Telephone: (312) 444-9300<br>Facsimile: (312) 444-9027<br>Email: mpike@chuhak.com | ASSOCIATED BANK, N.A.<br><br>By: /s/ Meredith Pike |