IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA JO JACOBSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSOCIATED BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC,<br><br>    Defendants. | Case No. 1:18-cv-06260<br><br>Hon. Matthew F. Kennelly |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW AND TO RESET BRIEFING SCHEDULE

Defendant Experian Information Solutions, Inc., by its attorneys and pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves this Court for leave to submit its proposed memorandum of law (attached here as Exhibit A) in support of Defendants Associated Bank, N.A., Motion to Dismiss. (Dkt. 25).

Pursuant to the Court's docket entry on January 16, 2019 (Docket No. 27), Experian joins in Associated Bank's Motion to Dismiss and does not intend to restate the arguments set forth in the accompanying memorandum of law. Instead, Experian submits this motion to in order to supplement the Associated Bank memorandum by addressing two points. First, Plaintiff's FCRA claims against Experian are not actionable because they are based on a dispute between Associated Bank and Plaintiff regarding the proper legal categorization of a debt. Second, no proper ground has been pled to trigger liability under § 1681c(f) with regard to Experian. In support of this motion, Experian states as follows:

1.    On January 9, 2019, Associated Bank filed its motion to dismiss for failure to state a claim. In its motion, Associated Bank argues that this Court must dismiss Plaintiff's complaint

because the information disputed by Plaintiff is accurate, and thus Plaintiff's claims under the Fair Credit Reporting Act ("FCRA") necessarily fail. (*See* Dkt. 25).

2. The day before Associated Bank filed its motion, the Seventh Circuit issued an order in *Humphrey v. Trans Union LLC*. 2019 WL 125667 (7th Cir. January 8, 2019, 2019). In *Humphrey*, the Seventh Circuit reiterated that FCRA claims against credit reporting agencies cannot be predicated on allegations that "require [ ] a legal determination." *Id.* at *4.

3. The *Humphrey* order and other decisions like it provide highly relevant insight into the permissible scope of liability under the FCRA with regard to credit reporting agencies such as Experian. *See Humphrey*, 2019 WL 125667 at *3 ("The information [reported by the credit reporting agencies] was accurate because the information did not state any factual deficiency that could have been resolved by a reasonable reinvestigation.") (quotations omitted).

4. On January 16, 2019, the parties appeared before the Court for presentment of Associated Bank's motion. (*See* Dkt. 26). During presentment, counsel for Experian conveyed to the Court that Experian was considering a Rule 12(c) motion in this matter addressing arguments that overlapped to some extent with those presented in Associated Bank's motion. Experian moved the Court for leave to file a brief in support of Associated Bank's motion in order to streamline the resolution of all potentially dispositive issues, and subsequently joined in Associated Bank's motion for that purpose.

5. Although Experian joined Associated Bank's motion and adopts the arguments as presented in Associated Bank's memorandum of law regarding the accuracy of the information now disputed by Plaintiff, Experian seeks to fully brief the implications of *Humphrey* and related cases as they apply to Experian, and to Associated Bank's arguments. *See In re AIG Workers Comp. Ins. Policyholder Litig.*, No. 14-cv-02528, ECF No. 19 (N.D. Ill. Apr. 27, 2015) (defendant joined other defendants' motion to dismiss, and filed a separate supplemental motion and accompanying memorandum adopting those arguments while also adding a new argument). Experian also seeks

to brief the complaint's pleading deficiencies with regard to Plaintiff's 1681c(f) claim, which also warrants dismissal.

6. On January 28, 2019, the parties conferred regarding Experian's motion in light of the briefing schedule set on Associated Bank's motion. Based on the date of filing of this motion, Plaintiff requested an additional 21 days to respond. Experian has no objection, and represents that Associated Bank also does not object.

7. Allowing Experian to brief these issues will allow the Court to evaluate them in tandem with the other dispositive issues as presented in Associated Bank's memorandum of law and dispose of them at a relatively early point in litigation while also obviating the need for Experian to raise them on an independent motion.

WHEREFORE, Experian respectfully requests that this Court grant it leave to file the attached memorandum of law in support of Associated Bank's pending motion to dismiss for failure to state a claim.

Dated January 30, 2019.

By: /s/ *John J. Michels III*

**JONES DAY**

Christopher A. Hall
chall@jonesday.com
John J. Michels
jmichels@jonesday.com
77 West Wacker, Suite 3500
Chicago, IL 60601.1692
Telephone: +1.312.269.1544
Facsimile: +1.312.782.8585

*Counsel for Defendant Experian Information Solutions*.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 30, 2019, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                              /s/ *John J. Michels*